JOSEPHINE LA PAGLIA, as Administratrix of the Estate of FELICE LA PAGLIA, Deceased, Plaintiff, v. AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Defendant.— Submission of controversy, pursuant to sections 546 to 548 of the Civil Practice Act, upon an agreed statement of facts, filed in the office of the clerk of Kings County. Plaintiff, as administratrix, has a judgment against defendant's assured, in the sum of $55,465.98, for causing the death of plaintiff's intestate, by negligent operation of an automobile. The policy issued by defendant provides that the limit of defendant's liability for injury to or death of one person is $5,000, which sum, with interest and costs, it has paid to plaintiff on account of the judgment. The policy also provides: " 4. *Financial Responsibility Laws*. Coverages A and B. Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

Plaintiff claims that this provision extended defendant's liability under its policy beyond the $5,000 limit to cover the assured against the consequences of a financial responsibility law which provided for a limit of liability in excess of that sum, and that pursuant to the provisions of section 94-e of the Vehicle and Traffic Law of this State the limit of defendant's liability is extended to $10,000 on account of the accident which resulted in the death of plaintiff's intestate. It is not contended that the policy should be construed as a "motor vehicle liability policy" certified as provided in sections 94-n or 94-p of the Vehicle and Traffic Law, but that it should be construed as an automobile liability policy referred to in section 94-e of the statute, which would prevent the application of the provisions of that section against an owner or operator who has had an accident in the operation of an automobile resulting in bodily injury or death. Such a policy is required to be subject to a limit, exclusive of interest and costs, of $10,000, because of injury to or death of one person in any one accident. Pursuant to the terms of the submission, judgment is unanimously directed for the defendant, without costs. Although we are mindful that the policy must be strictly construed against the insurer, and that all ambiguity must be resolved in favor of the insured, we are unable to find any ambiguity in paragraph "4" of the conditions attached to the policy insofar as it provides that defendant's liability shall in no event exceed the limit of liability stated in the policy which, in accordance with the facts disclosed, is $5,000, with interest and costs. The policy could properly be limited in amount and coverage as the parties might agree. (Cf. *Brustein* v. *New Amsterdam Cas. Co.*, 255 N. Y. 137, 143.) Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.